UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10005-CR-MOORE

UNITED STATES OF AMERICA ,

    vs.

JIELUN ZHANG,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on CJA Voucher No. 113C.1049786 filed by counsel for the Defendant, Jielun Zhang, which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation on the appropriateness of the voucher. This case involved the photographing and sketching of defense installations and entering a United States military installation. The case was resolved by plea of guilty. The CJA voucher submitted by Mr. Hector Flores, as adjusted, claims a total of $16,999.52, which is exceeds the $3,400.00 "cap" for misdemeanors at the trial level. No hearing was conducted on the reasonableness of the voucher because of the undersigned's familiarity with this case, combined with the information contained in the accompanying letter and detailed billing records from counsel provided sufficient support for the voucher.

The applicable guidelines are set forth in the Guide to Judiciary Policy, Vol. 7, Part A, Chapter 2, § 230.23.40. Subsection(a) of that provision authorizes payments in excess of CJA compensation maximums in cases involving extended or complex representation when so certified by the court or a U.S. magistrate judge and approved by the chief judge of the circuit (or his or her delegate). Subsection (b)(1) provides that a case is "complex" if "the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case." Subsection (b)(2) states that a case is "extended" if "more

time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." Subsection (c) sets forth the factors which the approving judicial officer may consider when determining if excess payment is necessary to provide fair compensation: (1) the responsibilities measured by the magnitude and importance of the case; (2) the manner in which duties were performed; (3) the knowledge, skill efficiency, professionalism, and judgment required of and used by counsel; (4) the nature of counsel's practice and injury thereto; (5) any extraordinary pressure of time or other factors under which services were rendered, and (6) any other circumstances relevant and material to a determination of a fair and reasonable fee.

Regarding the time spent on legal work in the instant case, the CJA voucher filed by counsel reflects .8 hours for arraignment and plea; 1.00 hour for bail and detention hearings; 1.50 hours for sentencing; .5 hours for other in-court matters; 21.5 hours for interviews and conferences; 13.8 hours for obtaining and reviewing records; 2.7 hours for legal research and brief writing, and .3hours for investigative and other work. In a letter to the court, counsel explained that the discovery in this case was voluminous, consisting of analysis of a laptop computer, smart phones and portable digital storage devices, as well as hundreds of thousands of emails, text messages and social media posts. The undersigned finds that the time spent for legal work as reflected on this voucher is reasonable.

The voucher also reflects 56 hours of travel time, $1,978.81 in travel expenses and $133.26 in other expenses. In his letter, counsel explained that travel to Key West contributed to the voucher exceeding the cap. In addition to court hearings and time spent meeting with counsel, the Defendant was debriefed by Government representatives on three occasions. Since there are no CJA attorneys with offices in Key West, these costs were unavoidable. The undersigned finds that the travel expenses in this case were reasonable under the circumstances and counsel should not be required to bear any portion of them.

The claimed amount in this case exceeded the "cap" for a single case as the result of the high cost of travel to Key West, as well as the unusual complexity of a case involving possible

espionage. Accordingly, the undersigned hereby certifies that this case was "extended" and "complex" for CJA reimbursement purposes.

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that CJA Voucher No. 113C.1049786 submitted by Hector Flores be approved.

Counsel for the Defendant will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, Chief United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Key West, Florida, this 10th day of August, 2020.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hector Flores, Esq. (CJA)